# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARNELL ALFRED WILLIAMS, | |
| Plaintiff, | Civ. No. 17-5295 (KM) (JBC) |
| v. | |
| | **OPINION** |
| SUPERVISOR, Northern State Prison, et al., | |
| Defendants. | |

**KEVIN MCNULTY, U.S.D.J.**

## I.   INTRODUCTION

Plaintiff, Darnell Alfred Williams, is imprisoned at South Woods State Prison, in Bridgeton, New Jersey. He is proceeding pro se with a civil rights complaint filed under 42 U.S.C. § 1983. This Court previously granted Mr. Williams leave to proceed *in forma pauperis*. (ECF No. 6.)

This Court must now review the complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A, and 42 U.S.C. § 1997e, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the claim against the unknown supervisor will be dismissed, but the claim against the unknown officer will be allowed to proceed.

## II.   BACKGROUND

The allegations of the complaint will be construed as true for the purposes of this opinion. Mr. Williams claims that on February 16, 2017, when he was in the "A.C.S.U."[1] at Northern

---

[1]  I believe that Mr. Williams is referring to the Administrative Close Segregation Unit. *See Allebach v. Sherrer*, No. Civ. 04-287, 2005 WL 1793726, at *1 (D.N.J. July 27, 2005).

State Prison, in Newark, New Jersey, an unknown correctional officer assaulted him with "OCS"[2] through the crack in his cell door, causing him injuries. (Compl., ECF No. 1, ¶¶ 4, 6.) Mr. Williams alleges that prison staff declined to help him identify the officer who sprayed him and that the supervisor for that area of the prison failed to resolve the problem. (*Id.*) Mr. Williams seeks unspecified money damages.

### III. LEGAL STANDARDS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. That section provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), a district court must review a prisoner complaint when the

---

[2] I believe that Mr. Williams is referring to oleoresin capsicum spray, colloquially known as pepper spray. *See Young v. Balkind*, Case No. CV 12-7278 JGB (JC), 2016 WL 2620804, at *2 (C.D. Cal. Mar. 4, 2016).

2

prisoner (1) is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), (2) seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A, or (3) asserts a claim concerning prison conditions, *see* 42 U.S.C. § 1997e(c). The PLRA directs district courts to sua sponte dismiss claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *see also Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive the Court's screening for failure to state a claim, the complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017).

Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Force applied by a prison employee may become unconstitutional under the Eighth Amendment when it is employed "maliciously and sadistically for the very purpose of causing harm," rather than in 'a good faith effort to maintain or restore discipline." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks omitted); *see also Conklin v. Hale*, 680 F. App'x 120, 122 (3d Cir. 2017).

To plead supervisory liability for a constitutional violation, a plaintiff must allege that a supervisor "established a policy, practice, or custom that directly caused the [alleged] harms" or that the supervisor "participated in, directed, or had knowledge of (and acquiesced to) any of the [alleged] constitutional violations." *Phillips v. Northampton Co.*, 687 F. App'x 129, 131–32 (3d Cir. 2017) (citing *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) & *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190–91 (3d Cir. 1995)). Supervisory liability under § 1983 cannot accrue through vicarious liability, and instead requires affirmative conduct by the supervisor. *Iqbal*, 556 U.S. at 675–76; *Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). A plaintiff must also show that the defendant supervisor's conduct proximately caused the alleged harm. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010); *Heggenmiller v. Edna Mahan Corr. Inst. for Women*, 128 F. App'x 240, 245 (3d Cir. 2005).

## IV. DISCUSSION

Mr. Williams's allegations, taken as true and construed liberally as part of a pro se complaint, adequately state a § 1983 claim against the unknown officer. Mr. Williams alleges, with no other background information, that an unknown officer pepper-sprayed him through a crack in the door of his cell. Taken as true, this allegation would support an inference that the use

4

of force was not justified by any effort to maintain prison discipline, and was therefore applied sadistically, in violation of the Eighth Amendment. *See Whitley*, 475 U.S. at 319. Accordingly, Mr. Williams's claims as against the unknown officer will be allowed to proceed.

Mr. Williams's complaint does not succeed, however, in stating a claim for supervisory liability. *See Baker*, 50 F.3d at 1190–91. He makes no allegation that the pepper-spraying resulted from an established policy or practice, or that it was undertaken at the direction of a supervisor. (ECF No. 1 ¶ 6.) He alleges only that he sought help from an area supervisor after his injury. (*Id.*) Accordingly, he pleads no causal relationship between supervisory conduct and his alleged harm. *See Shuman v. Raritan Twp.*, No. 14-3658, 2016 WL 7013465, at *26 (D.N.J. Nov. 30, 2016) ("In the absence of a showing of prior knowledge, a finding of supervisory liability is in appropriate."); *see also Banks v. Rozum*, 639 F. App'x 778, 784 (3d Cir. 2016). The claim of supervisory liability will therefore be dismissed without prejudice for failure to state a claim upon which relief may be granted.

Typically, the Court would direct the Clerk to issue a summons for the defendant against whom Mr. Williams has stated a claim. The identity of that defendant, however, is now unknown. *See, e.g.*, *Haines v. Does*, No. 07-5395, 2008 WL 1766622, at *9 (D.N.J. Apr. 14, 2008) ("The service on Defendants John Does will not be ordered because, as a practical matter, it is in most instances impossible for the United States Marshal to serve a summons and complaint on unidentified defendants." (internal ellipsis, alterations, and quotation marks omitted)).

Simply allowing Mr. Williams time to identify the appropriate defendant is an unsatisfactory solution in this case. The complaint alleges that Mr. Williams has already filed a grievance, which was not resolved, and that prison staff refused to help him identify the officer

responsible. Where an action names both known and unknown defendants, an initial conference can be held, and a program of discovery can be designed in order to identify unknown parties. *See* Fed. R. Civ. P. 26(d)(1), (f). Here, however, there is no counterparty with whom to confer.

Under the circumstances, I will permit Mr. Williams to engage in early discovery, solely for the purpose of identifying the officer who allegedly harmed him. *See* Fed. R. Civ. P. 26(d)(1) (permitting pre-Rule-26-conference discovery "when authorized . . . by court order"). Within thirty days after the date of this opinion and order, Mr. Williams may submit a proposed subpoena under Federal Rule of Civil Procedure 45 for consideration by the Court. This subpoena must be limited to the purpose of discovering the identity of the unknown defendant who allegedly harmed Mr. Williams. Mr. Williams must clearly name the persons or entities upon whom he seeks to serve the subpoena; specify what documents, if any, he seeks; and/or name any person who could appear for a deposition to identify the unknown defendant.

## V. CONCLUSION

For the foregoing reasons, Mr. Williams's complaint will be dismissed without prejudice as to the unknown supervisor, but will be permitted to proceed against the unknown officer. Mr. Williams shall file with the Court any proposed subpoena to identify the unknown officer within 45 days. The clerk shall furnish a blank form of subpoena.

DATED: November 28, 2017

_____
KEVIN MCNULTY
United States District Judge